[Cite as *State v. Crutchfield*, 2011-Ohio-6681.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL E. CRUTCHFIELD

    Appellant

C.A. Nos.     10CA009931
                 10CA009932
                 10CA009933

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    08CR076382
                  09CR077591
                  10CR080368

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

BELFANCE, Presiding Judge.

{¶1} Michael Crutchfield appeals his three convictions for operating a vehicle while impaired. For the reasons set forth below, we affirm.

I.

{¶2} On July 18, 2008, Mr. Crutchfield was stopped by a Lorain County Sheriff Deputy on suspicion of operating a vehicle while impaired. Trooper Allen Marcum of the Ohio State Highway Patrol drove to the scene to provide backup. According to Trooper Marcum, Mr. Crutchfield was clearly intoxicated and also admitted that he was drunk.

{¶3} On January 19, 2009, Officer Richard Walker of the Elyria Police Department observed a vehicle, which he later learned was operated by Mr. Crutchfield, make a wide turn and hit a snow bank. Officer Walker attempted to initiate a traffic stop, but Mr. Crutchfield did

not stop until he reached his apartment complex, committing various traffic infractions along the way.

{¶4} According to Officer Walker, when he approached the vehicle, Mr. Crutchfield refused to turn off the engine. After Officer Walker repeatedly rapped on the window, Mr. Crutchfield lowered it just enough so he could tell Officer Walker that he was home, that he was fine, and that Officer Walker should go away. Eventually, Mr. Crutchfield unlocked the car door, but, instead of exiting the vehicle, he turned the radio up and looked straight ahead, holding "a sausage gravy container in his right hand."

{¶5} Officer Walker, with the assistance of other officers who had arrived on the scene, removed Mr. Crutchfield from his vehicle and put him in one of the police cruisers. Officer Walker testified that Mr. Crutchfield smelled of alcohol, was confused, stared blankly, and had watery and glassy eyes. By the time the officers transported Mr. Crutchfield to the police station, he had passed out and they could not administer the breathalyzer. Officer Walker marked this as a refusal.

{¶6} On February 5, 2010, Officer Nick Eichenlaub of the Elyria Police Department observed Mr. Crutchfield exit a bar at approximately 2:30 a.m. and begin to drive. Officer Eichenlaub knew Mr. Crutchfield did not have a driver's license and believed there was a warrant out for Mr. Crutchfield's arrest. Using his cruiser's computer, Officer Eichenlaub confirmed the warrant, initiated a traffic stop, and arrested Mr. Crutchfield. According to Officer Eichenlaub, Mr. Crutchfield smelled of alcohol, exhibited slurred speech, and had glassy and bloodshot eyes. He arrested Mr. Crutchfield and took him to the police station where he administered the horizontal nystagmus test, which, according to Officer Eichenlaub, Mr.

Crutchfield failed. Officer Eichenlaub requested that Mr. Crutchfield submit to a breathalyzer, but he refused.

{¶7} Following two separate bench trials, the trial court convicted Mr. Crutchfield of three counts of operating a vehicle while intoxicated. He has appealed, raising four assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

"THE EVIDENCE PRESENTED AT TRIAL WAS NOT SUFFICIENT FOR APPELLANT'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE (HEREINAFTER 'OVI') IN CASE NUMBER 10CR080368."

{¶8} In Mr. Crutchfield's first assignment of error, he argues that, because there was no evidence of "bad driving[]" on his part, his conviction for operating his vehicle while intoxicated was supported by insufficient evidence. We disagree.

{¶9} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams,* 9th Dist. No. 24731, 2009–Ohio–6955, at ¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins,* 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. Id.

{¶10} The trial court found that Mr. Crutchfield had violated R.C 4511.19(A)(2), which provides that:

"No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall * * * (a) [o]perate any vehicle * * * within this state while under the influence of alcohol, a drug of abuse, or a combination of them[ and,] (b) [s]ubsequent to being arrested for operating the vehicle, * * * being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."

{¶11} Notably absent from R.C. 4115.19(A)(2) is any requirement that the driver exhibit impaired driving, rather, the driver's *ability* to drive must be impaired. See *State v. Zentner*, 9th Dist. No. 02CA0040, 2003-Ohio-2352, at ¶19 (concluding that the State "need only show an impaired driving ability[]" under R.C. 4115.19(A)(1), which prohibits operation of a vehicle under the influence of alcohol).

{¶12} Mr. Crutchfield does not dispute that the State produced evidence that he was driving, that he had another conviction for OVI in the last 20 years, or that he refused to submit to a chemical test. Instead, he challenges the trial court's finding that he was intoxicated, contending that the "only" indicators that he was intoxicated were "the smell of alcohol, the [failure of] the horizontal nystagmus gaze test[,] and the officer's observations of slurred speech and bloodshot, glassy eyes." Mr. Crutchfield correctly summarizes the evidence against him; however, when viewed in the light most favorable to the State, the combination of indicators to which Officer Eichenlaub testified was certainly sufficient to support a finding that Mr. Crutchfield was intoxicated and, therefore, his driving ability was impaired.

{¶13} Accordingly, there was sufficient evidence to support a finding that Mr. Crutchfield violated R.C. 4511.19(A)(2). His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"APPELLANT'S CONVICTION FOR OVI WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN CASE NUMBER 10CR080368."

{¶14} Though Mr. Crutchfield makes the same argument in his second assignment of error as in his first, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *Thompkins*, 78 Ohio St.3d at 386. While sufficiency is a test of whether the evidence presented is adequate to sustain a verdict as a matter of law, weight of the evidence "concerns the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other." (Internal citations and quotations omitted.) (Emphasis sic.) Id. at 386-387.

{¶15} In reviewing a challenge to the weight of the evidence, the appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

{¶16} Mr. Crutchfield reiterates his contention that, in order to sustain a conviction, there must be evidence of impaired driving. As discussed above, this argument is without merit. See *Zentner* at ¶19. As related above, Mr. Crutchfield does not dispute that he was driving, refused a chemical test, or had been convicted of an OVI in the previous 20 years. He also does not argue that Officer Eichenlaub lacked credibility or that the trial court lost its way when it believed Officer Eichenlaub's testimony that Mr. Crutchfield exhibited multiple signs of intoxication, thereby providing evidence that Mr. Crutchfield's driving ability was impaired. Accordingly, Mr. Crutchfield has failed to demonstrate that his conviction for operating a vehicle while intoxicated was against the manifest weight of the evidence.

**{¶17}** His second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED TO THE DETRIMENT OF APPELLANT BY ENHANCING APPELLANT'S SANCTIONS BY RELYING ON FINAL JOURNAL ENTRIES THAT WERE NOT FINAL APPEALABLE ORDERS."

**{¶18}** Mr. Crutchfield argues that many of the journal entries of his previous convictions for operating a vehicle while intoxicated are not final, appealable orders because they do not comply with Crim.R. 32(C), and, therefore, the trial court erred by admitting them as evidence of his previous convictions for operating a vehicle while intoxicated. He also contends that the judgment entries submitted by the State are insufficient for enhancement purposes because they do not show the level of the offense of which Mr. Crutchfield was convicted.

**{¶19}** Mr. Crutchfield has not cited any authority supporting his position, nor has he developed any argument in support of this assignment of error. App.R. 16(A)(7); see also, *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, at ¶7. Nevertheless, we note that this Court has previously held that "compliance with [Crim.R.] 32(C) is not a prerequisite to proving a prior offense for purposes of increasing a subsequent charge under [R.C.] 4511.19 or [R.C.] 2941.14.13." *State v. McCumbers*, 9th Dist. No. 25169, 2010-Ohio-6129, at ¶13. This is true because:

> "if evidence of a prior guilty plea is sufficient to enhance the level of the offense under the statute, it seems unlikely that the legislature intended the word convicted in the same phrase to require evidence to establish all the elements of Criminal Rule 32(C) * * * [and because] the State may prove a prior conviction using evidence other than the sentencing entry from the prior case." (Internal quotations and citations omitted.) Id.

Furthermore, R.C. 4511.19(G)(1)(d) provides that "an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses [or,] * * * within twenty years of the

offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree." There is no requirement that the previous convictions be felonies.

{¶20} Accordingly, the trial court did not err when it admitted the certified copies of journal entries. The entries demonstrated that Mr. Crutchfield had pleaded guilty or been convicted of violations of R.C. 4511.19(A), (B), or an equivalent offense at least four times in the prior six years and at least five times within the prior twenty. Mr. Crutchfield's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

"THE TRIAL COURT ERRED TO THE DETRIMENT OF APPELLANT BY ADMITTING BUREAU OF MOTOR VEHICLES (HEREINAFTER 'BMV') WITHOUT A PROPER FOUNDATION OR AUTHENTICATION."

{¶21} Mr. Crutchfield argues that the trial court abused its discretion by admitting his driving record into evidence because it was not a business record under Evid.R. 803(6). However, because Mr. Crutchfield forfeited this error and because he does not argue or demonstrate plain error on appeal, we overrule his assignment of error.

{¶22} There were two separate trials in this case. In the first trial, which concerned the convictions at issue in 10CA009932 and 10CA009933, Mr. Crutchfield's counsel did not object to the admission of the BMV records, remarking, "[I] don't have a problem with [them]." Because Mr. Crutchfield did not object to the admission of the BMV records and, in fact, acquiesced to their admission, he forfeited this alleged error for the purposes of appellate review. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶23.

{¶23} In the second trial, which concerned the conviction at issue in 10CA009931, Mr. Crutchfield did not object when Officer Eichenlaub testified that the records in question were the

BMV records of Mr. Crutchfield and that the records would show Mr. Crutchfield's prior convictions for operating a vehicle while intoxicated. Furthermore, while Mr. Crutchfield did object to admission of the BMV records at the end of the State's case, he did so by arguing that "the information as reflected in the BMV records can be rebutted because it's not [based on] a final[,] appealable order[.]" However, he did not object on the basis of Evid.R. 803(6) and, thus, did not preserve the alleged error for review. See *State v. McCallum*, 9th Dist. No. 08CA0037-M, 2009-Ohio-1424, at ¶19.

{¶24} Accordingly, Mr. Crutchfield forfeited the alleged error he raises in this assignment of error. While "[a] mere forfeiture does not extinguish a claim of plain error[,]" Mr. Crutchfield has not argued plain error on appeal. (Internal quotations and citations omitted.) *Payne* at ¶23. Nevertheless, we are unconvinced that the alleged error of the court could constitute plain error given the officer's testimony and the fact that Mr. Crutchfield has not suggested that the journal entries fail to contain sufficient identifying information to demonstrate that they are his prior convictions. Compare *McCallum* at ¶25.

{¶25} Mr. Crutchfield's fourth assignment of error is overruled.

III.

{¶26} Mr. Crutchfield's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.