[Cite as *State v. Mishler*, 2024-Ohio-1085.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
| --- | --- | --- |
| STATE OF OHIO | | C.A. No.     22CA0061-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMIE MISHLER | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     22 TRC 00475 |

DECISION AND JOURNAL ENTRY

Dated: March 25, 2024

CARR, Judge.

{¶1}   Appellant, Jamie Mishler, appeals the judgment of the Medina Municipal Court. This Court affirms in part, reverses in part, and remands for further proceedings.

I.

{¶2}   This matter arises out of a traffic stop that occurred in Medina during the early morning hours of February 6, 2022.  Law enforcement initiated a stop of Mishler's vehicle after observing multiple marked lanes violations.  Upon approaching the vehicle, the officer who initiated the stop noticed the odor of alcohol emanating from Mishler's person.  Mishler proceeded to fail a number of field sobriety tests.  Mishler was placed under arrest, and he subsequently failed a breath test.

{¶3}   Mishler was charged with one count of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a); one count of operating a vehicle with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(1)(d); and one marked lanes violation

pursuant to Medina Codified Ordinances Section 331.08(a)(1).  The State subsequently amended the complaint to reflect that Mishler had a prior OVI conviction.  Mishler pleaded not guilty to the charges.

{¶4} Mishler filed a motion to suppress wherein he raised a number of issues pertaining to the stop and his subsequent arrest.  The trial court denied the motion without a hearing.  Thereafter, Mishler filed a motion for leave to file an amended motion to suppress instanter.  The trial court denied Mishler's motion for leave as well.

{¶5} The matter proceeded to trial where a jury found Mishler guilty of both OVI counts.  The trial court found Mishler guilty of the marked lanes violation.  The trial court also found that the OVI counts were allied offenses and merged for sentencing purposes.  With respect to the violation of R.C. 4511.19(A)(1)(a), the trial court imposed a 180-day jail term, 160 days of which was suspended in favor of a one-year probationary term.  The trial court also imposed an $800 fine.  The trial court imposed a $150 fine for the marked lanes violation.

{¶6} On appeal, Mishler raises five assignments of error.  This Court rearranges certain assignments of error to facilitate review.

II.

**<u>ASSIGNMENT OF ERROR I</u>**

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS AND WAS AN ABUSE OF DISCRETION DEPRIVING APPELLANT OF HIS RIGHT TO A FAIR TRIAL, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO PRESENT A DEFENSE, AND RIGHT TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.

{¶7} In his first assignment of error, Mishler argues that the trial court erred when it denied his motion to suppress without a hearing.  This Court agrees.

Background

{¶8} On March 15, 2022, Mishler filed a motion to suppress. Mishler effectively sought to suppress all evidence pertaining to the stop on the basis that law enforcement violated an array of legal standards with respect to both the stop and his subsequent arrest. Stressing that the motion was only two pages long, the trial court denied the motion on the basis that it did not comply with Crim.R. 47 and Loc.R. 10(D)(2) of the Medina Municipal Court because it failed to state with particularity the grounds upon which it was made.

{¶9} On May 16, 2022, Mishler filed a motion for leave to file an amended motion to suppress instanter. Mishler attached a lengthy memorandum in support of his motion wherein he fleshed out the basis for his motion to suppress. In denying the motion for leave, the trial court found that Mishler's initial motion was filed on the last day to file a timely motion pursuant to the court's filing schedule and that two more months passed before Mishler filed his amended motion. The trial court further noted that the amended motion was more than twice the length permitted under the local rules.

Discussion

{¶10} On appeal, Mishler contends that the trial court's denial of his motion to suppress resulted in an infringement upon his fundamental rights, including his right to present a defense. Mishler argues that his March 15, 2022 motion satisfied the parameters of Crim.R. 47 because it was sufficient to put the State on notice of the issues he intended to raise at the suppression hearing.

{¶11} The question of whether Mishler's motion to suppress satisfied Crim.R. 47 is a question of law. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, ¶ 8. "When reviewing a matter de novo, this [C]ourt does not give deference to the trial court's decision." *Blue Heron Nurseries, L.L.C. v. Funk*, 186 Ohio App.3d 769, 2010-Ohio-876, ¶ 5 (9th Dist.).

{¶12} Crim.R. 47 provides, in pertinent part:

An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

{¶13} A trial court is required to hold a suppression hearing if the defendant's motion satisfies the standards set forth in Crim.R. 47. *State v. Shindler*, 70 Ohio St.3d 54, 57 (1994). "In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." *Id*. at syllabus. When interpreting its holding in *Shindler*, the Ohio Supreme Court recognized that the law "does not require that a defendant set forth the basis for suppression in excruciating detail. Instead, the question is whether the language used provides sufficient notice to the state." *Codeluppi* at ¶ 13. The Supreme Court stressed that a motion to suppress is "merely a procedural vehicle to put the ball in play[.]" (Internal citations and quotations omitted.) *Id*.

{¶14} In this case, the trial court erred by summarily denying Mishler's motion to suppress without a hearing. As noted above, Mishler was not required to set forth the basis for his motion in "excruciating detail." *Id*. Mishler was simply required to provide sufficient notice to the State as to the issues he intended to raise at the suppression hearing. *Id*. In his March 15, 2022 motion, Mishler specified both the issues that he intended to raise at the suppression hearing as well as the evidence that he sought to have suppressed. Mishler further identified the legal basis for his arguments as well as the portions of the stop and ensuing events to which he objected. Under these circumstances, where Mishler's motion contained sufficiently particular language to

put the State on notice of the issues he intended to raise at the suppression hearing, the trial court erred by summarily denying the motion.

{¶15} The first assignment of error is sustained.

## ASSIGNMENT OF ERROR V

APPELLANT WAS CONVICTED UPON INSUFFICIENT EVIDENCE TO DETERMINE HE WAS UNDER THE INFLUENCE OF ALCOHOL WHILE OPERATING A MOTOR VEHICLE.

{¶16} In his fifth assignment of error, Mishler contends that there would not have been sufficient evidence to sustain his conviction under R.C. 4511.19(A)(1)(a) if Officer Hughes had not been permitted to testify about the field sobriety tests.

{¶17} While our resolution of Mishler's first assignment of error mandates reversal, we are compelled to address his sufficiency challenge due to the constitutional protection against double jeopardy. *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 15.

{¶18} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶19} Mishler's sufficiency challenge pertains to his conviction for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), which states "[n]o person

shall operate any vehicle[] * * * within this state, if, at the time of the operation[] [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶20}** At trial, the State presented evidence in support of the following narrative. At approximately 1:30 a.m. on February 6, 2022, Officer Crooks of the Medina Police Department observed Mishler commit multiple marked lanes violations on State Route 57. In addition to the lane violations, Mishler appeared to be consistently weaving within his lane. Officer Crooks was not in a position to effectuate a stop due to the fact that, at that time, he was transporting a detainee from an unrelated incident. Officer Crooks notified his shift supervisor, Sergeant Lynn, about the situation. Sergeant Lynn began following Mishler. Sergeant Lynn initiated a traffic stop after observing Mishler commit another marked lanes violation. Upon approaching the vehicle. Sergeant Lynn observed a strong odor of alcohol coming from Mishler's person. Mishler was also slurring his speech. Due to her position as shift supervisor, Sergeant Lynn called for backup so that she could remain available to advise on other calls. Sergeant Lynn removed Mishler from his vehicle. Officer Hughes arrived on the scene shortly thereafter and took over the stop.

**{¶21}** When Officer Hughes spoke to Mishler, Mishler admitted to having "a couple of beers." Officer Hughes also noticed that Mishler smelled of alcohol and was slurring his speech. Officer Hughes proceeded to administer a series of field sobriety tests. On the horizontal gaze nystagmus test, Mishler scored six out of six for possible clues of impairment. Mishler also performed poorly on the walk-and-turn test and the one-leg-stand test. Based on the traffic violations, his personal observations of Mishler, as well as Mishler's performance on the field sobriety tests, Officer Hughes placed Mishler under arrest. Officer Hughes transported Mishler to a nearby police station where Mishler failed a breath test.

**{¶22}** Mishler's sufficiency challenge is predicated on the notion that the jury would have reached a different verdict if the trial court had entertained his motion to suppress. Specifically, Mishler argues that Officer Hughes should not have been permitted to testify about the results of the field sobriety tests. As an initial matter, this Court considers all of the evidence presented by the State in resolving a sufficiency challenge, regardless of whether it was properly admitted. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19. When considering the evidence, we view it in the light most favorable to the State. *Jenks*, 61 Ohio St.3d at 279. In this case, the State presented evidence that Mishler committed multiple traffic violations. Upon being stopped, Mishler smelled strongly of alcohol and had trouble speaking. Mishler then proceeded to fail multiple field sobriety tests as well as a breath test. This evidence, when construed in the light most favorable to the State, was sufficient to sustain Mishler's OVI conviction.

**{¶23}** Mishler's fifth assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DENIAL OF DEFENDANT'S LEAVE TO PLEAD WAS AN ABUSE OF DISCRETION THAT DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL, RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, RIGHT TO PRESENT A DEFENSE, AND RIGHT TO DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO INTRODUCE EVIDENCE OF THE FIELD SOBRIETY TESTS WHERE THE STATE OF OHIO FAILED TO ESTABLISH SUBSTANTIAL COMPLIANCE PURSUANT TO R.C. 4911.19.

### ASSIGNMENT OF ERROR IV

TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT TO THE POINT THAT IT RENDERED THAT ASSISTANCE INEFFECTIVE AND IT AFFECTED THE OUTCOME OF THE TRIAL IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHTS.

**{¶24}** Mishler raises three additional assignments of error. In light of this Court's resolution of Mishler's first assignment of error, this Court declines to address Mishler's second, third, and fourth assignments of error as they have been rendered moot. App.R. 12(A)(1)(c).

### III.

**{¶25}** Mishler's first assignment of error is sustained. Mishler's fifth assignment of error is overruled. This Court declines to reach Mishler's second, third, and fourth assignments of error as they have been rendered moot. The judgment of the Medina Municipal Court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, J.
<u>CONCURS.</u>

SUTTON, P. J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶26}** I respectfully dissent from the majority's conclusion that Mr. Mishler's motion to suppress satisfied the minimum requirements of Crim.R. 47.

**{¶27}** The majority opinion, in making this determination, relies upon *State v. Codeluppi*, 2014-Ohio-1574, which is distinguishable from this matter. The Supreme Court of Ohio, in *Codeluppi*, determined the motion to suppress before it provided sufficient notice to the State regarding the legal and factual bases of the motion. The *Codeluppi* Court recited the specific claims included in Ms. Codeluppi's memorandum in support, as required by Crim.R. 47, which spoke to Ms. Codeluppi's emotional and/or physical condition, difficult environmental conditions, and the arresting officer's alleged bias. *Id*. at ¶ 12. Further, the *Codeluppi* Court stated:

> The primary source of evidence normally available to an OVI defendant-a video recording of the field sobriety tests-*was not available in this case*. Defense counsel had no readily available reliable evidence from which counsel could formulate more particularized grounds regarding the police officer's failure to substantially comply with NHTSA guidelines. *[Ms.] Codeluppi therefore provided notice of legally significant facts to the extent that the facts were available, rendering her motion more than a mere fishing expedition.*

*Id*. at ¶ 14. (Emphasis added.)

**{¶28}** Crim.R. 47 states, in relevant part:

An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

{¶29} Here, unlike *Codeluppi*, Mr. Mishler's motion to suppress was not supported by a memorandum as required by Crim.R. 47 and Loc.R. 10(D)(2).[1] Instead, the motion consisted only of a boiler plate list of potential issues that could generically apply to *any* traffic stop and arrest. The boiler plate list did not contain any factual bases specific to Mr. Mishler or this particular traffic stop. Additionally, unlike *Codeluppi*, the record here does not reveal any issues with discovery, including the unavailability of video footage of Mr. Mishler's traffic stop. Mr. Mishler does not argue he was without discovery in his motion to suppress and did not seek an extension for filing his original motion to suppress due to a lack of discovery. Nor did Mr. Mishler indicate an issue with discovery in his amended motion.

{¶30} Although *Codeluppi* at ¶ 15, indicates a motion to suppress does not require a "highly detailed pleading of the facts and law," the motion, in this matter, stated no factual bases at all. Thus, the trial court's ruling in denying Mr. Mishler's motion to suppress without a hearing was consistent with *Codeluppi*, and not an error on the part of the trial court.

{¶31} Accordingly, I dissent from the majority's resolution of the first assignment of error. Further, I would reach the merits of Mr. Mishler's second, third, and fourth assignments of error.

---

[1] Loc.R. 10(D)(2) states: "All motions, oral or written, shall state with particularity the grounds therefor, and shall set forth the specific relief or order sought. Every motion shall be supported by a brief setting forth the relevant facts, evidence, and citations to legal authorities and their application in support of the motion, and may also be supported by affidavits. Bare citations to sections of constitutions, statutes, and/or cases alone will not be deemed to comply with this Rule."

APPEARANCES:

JOSEPH PATITUCE and CATHERINE PURDUM, Attorneys at Law, for Appellant.

ROBERT B. CAMPBELL and MEGAN A. PHILBIN, Prosecuting Attorneys, for Appellee.