**[Cite as *Patituce v. Werner*, 2025-Ohio-5700.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JOSEPH PATITUCE

    Relator

    v.

JUDGE GARY WERNER

    Respondent

C.A. No.    2025CA0026-M

ORIGINAL ACTION IN PROHIBITION

Dated:  December 22, 2025

PER CURIAM.

{¶1}  Relator, Joseph Patituce, has petitioned this Court for a writ of prohibition against Respondent, Judge Werner.  Judge Werner has moved to dismiss the petition.  Mr. Patituce did not respond in opposition.  For the following reasons, we grant the motion to dismiss.

{¶2}  When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).  A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested.  *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.

{¶3}  "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction."  *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).  For

a writ of prohibition to issue, a relator "must establish that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Yeager v. Lake County Court of Common Pleas*, 2024-Ohio-1921, ¶ 8. "If the respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9. *Accord State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997). "[I]n such cases, mandamus or prohibition will lie to prevent the unauthorized exercise of jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction." *State ex rel. Reynolds* at ¶ 9. Prohibition will generally lie only for an absence of subject-matter jurisdiction. *State ex rel. Martre v. Reed*, 2025-Ohio-4542, ¶ 11.

### Background

{¶4} According to the complaint, Mr. Patituce acted as appellate counsel in *State v. Mishler*, 2024-Ohio-1085 (9th Dist.), and secured the reversal of a suppression ruling. That ruling summarily denied a suppression motion without hearing. In reversing and remanding the municipal court's judgment for further proceedings, this Court determined that the motion to suppress at issue "contained sufficiently particular language to put the State on notice of the issues [the defendant] intended to raise at the suppression hearing . . . ." *Mishler* at ¶ 14.

{¶5} According to the complaint, Judge Werner issued an order three days after our remand. In his March 28, 2024 order, he ordered the parties to confer, "to attempt to narrow and to focus the specific issues to be considered at the [suppression] hearing", and to jointly file a certification that included "a final enumerated list of the specific issues that the parties expect to be presented for consideration at the hearing." A delay then ensued because the State sought en

banc review of our decision. The trial court stayed the matter until the State's motion could be resolved. Even after this Court denied the State's motion, however, the trial court proceedings did not immediately resume. The trial court did not lift the stay on the proceedings until April 2025.

{¶6} The complaint states that Judge Werner issued an order on April 23, 2025. He ordered the parties to comply with the terms of his March 28th order. According to the complaint, Mr. Patituce was not counsel of record when Judge Werner issued his April 23rd order, but he agreed to act as defense counsel shortly thereafter. The complaint states that the State and an attorney at Mr. Patituce's firm exchanged emails regarding Judge Werner's orders. Following that exchange, the Stated moved for a mandatory appearance pretrial. In its written motion, the State informed Judge Werner that the suppression motion did not sufficiently identify the issues to be addressed at the suppression hearing. The State also informed Judge Werner that defense counsel had refused to identify those issues with specificity.

{¶7} According to the complaint, Judge Werner granted the State's motion on April 28, 2025. In his April 28th order, he set the matter for a pretrial conference and scheduled a separate suppression hearing. He ordered Mr. Patituce to appear at the pretrial conference and show cause as to why he and/or the defendant should not be held in contempt for failing to comply with the March 28th order. Following Judge Werner's order, Mr. Patituce filed this writ of prohibition.

**The Basis for the Petition & Motion to Dismiss**

{¶8} Mr. Patituce contends that Judge Werner is about to exercise judicial power that is unauthorized by law. He argues that Judge Werner lacks jurisdiction to threaten him with contempt and to require him to identify specific issues in support of client's motion to suppress because this Court has already held that his client's motion complies with Ohio law and sufficiently puts the State on notice of the issues to be addressed at the suppression hearing. *See Mishler*, 2024-Ohio-

1085, at ¶ 14 (9th Dist.). He argues that Judge Werner patently and unambiguously lacks jurisdiction to act in contravention of our decision. He seeks a writ to stop Judge Werner from taking further judicial action.

{¶9} Judge Werner has moved to dismiss the writ of prohibition. He notes that several events transpired after Mr. Patituce filed his petition. First, he (Judge Werner) dismissed the show cause order and cancelled the contempt hearing. Second, he recused himself and the magistrates of the Medina Municipal Court, resulting in the appointment of a visiting judge. Judge Werner argues that Mr. Patituce's petition is moot in light of those events. He also argues that Mr. Patituce is not entitled to relief because he exercised his judicial power in a manner authorized by law and any errors in the exercise of that jurisdiction could be addressed through a future appeal. Mr. Patituce has not responded to the motion to dismiss.

## Mr. Patituce is Not Entitled to Relief

{¶10} Although a court cannot rely on evidence outside the complaint in determining a Civ.R. 12(B)(6) motion, a court can rely on extrinsic evidence to determine that a matter is moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5-6. *See also State ex rel. Richard v. Wells*, 64 Ohio St.3d 76 (1992) (concluding that mootness can be determined based on evidence submitted by the parties). "When an actual controversy no longer exists before this Court, we must dismiss a case as moot." *State ex rel. Sirafi v. Oldfield*, 2025-Ohio-2761, ¶ 4.

{¶11} A review of the municipal court docket in *State v. Mishler* reveals that, after Mr. Patituce filed his petition for writ of prohibition, Judge Werner issued an order cancelling the pretrial conference and show cause hearing he scheduled at the State's request. He also vacated his April 28, 2025 order to show cause and recused himself.

**{¶12}** Mr. Patituce is the only named relator in this matter. In his petition, he sought relief from the threat of contempt, which derived solely from Judge Werner's order to appear and show cause. When Judge Werner vacated his show cause order and cancelled the related pretrial conference and hearing, he rendered this prohibition action moot. Thus, we must dismiss the case for lack of an actual controversy. *See id.* at ¶ 4.

## Conclusion

**{¶13}** Because this matter is moot, the case is dismissed. Costs of this action are taxed to Mr. Patituce. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
SCOT A. STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JOSEPH C. PATITUCE, Attorney at Law, Relator.

GREGORY HUBER, Law Director, for Respondent.