[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wood v. Rocky River*, Slip Opinion No. 2021-Ohio-3313.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3313

THE STATE EX REL. WOOD, ET AL *v.* THE CITY OF ROCKY RIVER ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wood v. Rocky River*, Slip Opinion No. 2021-Ohio-3313.]**

*Mandamus—Petition seeking writ of mandamus to compel a board of zoning and building appeals to stay their approval of a development plan and hear the relators' appeals—Writ denied on the ground of mootness.*

(No. 2020-1159—Submitted June 29, 2021—Decided September 23, 2021.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relators, Malcolm and Mary Wood ("the Woods"), seek a writ of mandamus to compel respondents, Rocky River Board of Zoning and Building Appeals and its members[1] ("the zoning board"), to stay their

_____

1. The individual members are Eric Pempus, Patrick Farrell, Richard Christ, Christopher Wolf, Todd Brandt, and Craig Wright.

approval of a development plan and hear their appeals. On February 10, 2021, we denied the zoning board's motion to dismiss and issued an alternative writ of mandamus. 161 Ohio St.3d 1425, 2021-Ohio-303, 162 N.E.3d 808. For the reasons set forth below, we now deny the writ as moot.

### Background

{¶ 2} Development plans for the city of Rocky River must be reviewed and approved by two municipal bodies. The Rocky River Planning Commission first reviews a "preliminary" development plan. Rocky River Codified Ordinances ("RRCO") 1125.05(d)(1) and 1127.05(b). Then, the Rocky River Design and Construction Board of Review ("the design board") must approve a "detailed" development plan. RRCO 1127.27. The detailed development plan then returns to the planning commission for final approval. RRCO 1127.05(d).

{¶ 3} The planning commission's decision to approve or reject a detailed development plan may be appealed to the zoning board. RRCO 1127.35. The Rocky River Codified Ordinances do not provide for a separate appeal from the design board's decision to approve or reject a development plan. However, Article VI, Section 5(c) of the Rocky River Municipal Charter provides that "[a]ppeals from final decisions of the [design board] shall be made to the [zoning board]."

{¶ 4} Appeals to the zoning board are initiated by filing a notice of appeal with the zoning administrator and the zoning board within 21 days of receipt of a decision. RRCO 1133.03. The appeal must "specif[y] the grounds upon which the appeal is being taken." *Id.* Upon receipt, the zoning administrator "shall" transmit to the zoning board the record of the action being appealed. *Id.* An appeal stays all proceedings in furtherance of the action appealed from unless the zoning administrator certifies to the zoning board that a stay "would, in his opinion, cause imminent peril to life and property." RRCO 1133.09.

2

**The evidence in the record**

{¶ 5} The Woods live next to the site of a proposed real-estate development in Rocky River known as the 700 Lake Project. On February 18, 2020, the design board approved the detailed development plan for the 700 Lake Project. On February 26, the Woods filed an appeal of the design board's decision with the zoning board. In the notice of appeal, the Woods stated that the appeal was based "upon grounds that said decision is arbitrary, capricious, and unreasonable having failed to satisfy all of the conditions and criteria contained in Cod. Ord. 1127.27(A) thorough [sic] (D) and Cod. Ord. 1125.07(C)."

{¶ 6} Also on February 26, 2020, the planning commission approved the detailed development plan. On March 5, the Woods filed an appeal from the planning commission's decision with the zoning board. In that notice of appeal, the Woods stated that the appeal was brought "upon grounds that said decision is arbitrary, capricious, and unreasonable having failed to satisfy all of the conditions and criteria contained in Cod. Ord. 1127.17."

{¶ 7} In a letter to the Woods dated March 11, 2020, the city's law director, Andrew Bemer, acknowledged that the two notices of appeal were timely and "accepted" both of them. He assigned both appeals a tentative hearing date of April 16, 2020. However, Bemer informed the Woods that the two notices of appeal did not state the bases for the appeals with the required specificity. He asked the Woods to provide additional information "at least two weeks before the scheduled hearings before the [zoning board]," warning that if the Woods failed to "identif[y] the specific factors upon which [they] base[d] [their] appeals, the [zoning board] [would] have no recourse but to summarily reject the appeals."

{¶ 8} The Woods' counsel responded with a letter dated April 2, 2020, arguing that the notices of appeal *did* state the bases for the appeals. Specifically, the notices alleged that the two decisions approving the detailed development plan were arbitrary and capricious and failed to satisfy the conditions set forth in the

ordinances for approval by the two bodies. In addition, counsel attached a February 27, 2020 taxpayer-demand letter he had sent to Bemer and reiterated the objections set forth in that letter.

{¶ 9} On April 3, 2020, Bemer replied that the Woods had "failed to provide the specific grounds of [the] appeal[s] according to the requirements of RRCO 1133.03 within the time requested, and as a result [the] appeals have not been completed or perfected within a timely fashion." Accordingly, Bemer declared the notices of appeal void and canceled the hearing.

{¶ 10} On September 25, 2020, the Woods filed a complaint for a writ of mandamus in this court.

**Legal analysis**

{¶ 11} To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 12} RRCO 1133.03 requires a notice of appeal to "specif[y] the grounds upon which the appeal is being taken." The Woods contend that the language in their notices of appeal satisfied this specificity requirement and therefore triggered a duty on the part of the zoning board to conduct a public hearing. But before reaching that issue, we must consider a predicate defense the board has raised in its merit brief: mootness.

{¶ 13} A case is moot when " 'without any fault of the defendant, an event occurs which renders it impossible for [a] court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever.' " *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74, 551 N.E.2d 128 (1990), quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1990). In *Schuster v. Avon Lake*, the court of appeals held that "where an appeal involves the

construction of a building or buildings and the appellant fails to obtain a stay * * * and construction commences, the appeal is rendered moot." 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8; *see also Pinkney v. Southwick Invs., L.L.C.,* 8th Dist. Cuyahoga Nos. 85074 and 85075, 2005-Ohio-4167, ¶ 14.

{¶ 14} The zoning board contends that this case is moot because construction of the 700 Lake Project is substantially underway. The zoning administrator has issued permits for construction work that include demolition of existing structures, sewer installations, street openings, concrete foundational work, and installation of electricity, plumbing, heating, ventilation, and air-conditioning systems. Inspection reports confirm the amount of work that has been done, including pouring concrete for the foundation, footers, and support columns, and connecting the water supply. It is too late to prevent construction of the 700 Lake Project altogether. Therefore, a writ from this court commanding the board to hear the Woods' appeals would not grant the Woods any effectual relief.

{¶ 15} We conclude that subsequent events have rendered the case moot, and we deny the writ of mandamus on that basis.

### Conclusion

{¶ 16} For the reasons set forth above, we deny the writ of mandamus on the ground of mootness.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

Phillips & Co., L.P.A., and Gerald W. Phillips, for relators.

Andrew D. Bemer, Rocky River Director of Law, for respondents.

————————————