[Cite as *Bone v. K.A. Brown Oil & Gas, L.L.C.*, 2024-Ohio-5044.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

CHELSEA M. BONE ET AL.,

Plaintiffs-Appellants,

v.

K. A. BROWN OIL & GAS, LLC ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MO 0002**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2022-048

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Chelsea M. Bone*, Chelsea M. Bone, LLC and *Atty. Flite H. Freimann*, Freimann Law, LLC, for Plaintiffs-Appellants and

*Atty. Gregory D. Russell*, *Atty. Thomas H. Fusonie* and *Atty. Emily J. Taft*, Vorys, Sater, Seymour & Pease LLP, for Defendant-Appellee K.A. Brown Oil & Gas, LLC and

*Atty. Dave Yost,* Ohio Attorney General, *Atty. Brett A. Kravitz* and *Atty. Joseph Wambaugh*, Assistant Attorneys General, Environmental Enforcement Section, for Defendant-Appellee Mary Mertz, Director of the Ohio Department of Natural Resources.

Dated:  October 18, 2024

**HANNI, J.**

**{¶1}** Plaintiffs-Appellants Chelsea M. Bone (Attorney Bone), Franklin and Tamara Ellis (Ellises), and David and Robin Hendershot (Hendershots) (collectively Appellants), appeal the February 5, 2024 judgment of the Monroe County Court of Common Pleas. The court granted a motion to dismiss Appellants' complaint filed by Appellees K.A. Brown Oil & Gas, LLC (Brown), and Mary Mertz (Mertz), Director of the Ohio Department of Natural Resources (ODNR) (collectively Appellees). The court held that Appellants improperly filed their complaint in mandamus, lacked standing to file the complaint, and held that their claims were otherwise moot. The court also denied Appellants' motion for leave to amend their complaint.

**{¶2}** On appeal, Appellants contend that the trial court erred by dismissing the complaint and by denying them leave to amend the complaint. They assert that they had sufficient legal standing, the ODNR issued a permit in violation of state law, the mandamus was properly filed, and the trial court lacked any basis to find that Brown was significantly prejudiced or harmed by Appellants' actions.

**{¶3}** For the following reasons, we affirm the trial court's decision to dismiss the complaint.

**{¶4}** Brown submitted a permit application for a Class II injection well in June 2019 at a property site located on State Route 7. R.C. 1509.02 grants the ODNR, Division of Oil and Gas Resources Management (Division), exclusive authority to regulate the permitting and operation of saltwater-injection wells in Ohio. *See The State ex rel. Omni Energy Group, L.L.C. v. Ohio Dept. of Natural Resources*, 2020-Ohio-5581, ¶ 2. The chief of the Division determines whether to issue or deny the permits. Ohio Adm.Code (OAC) 1501:9-3-06(H)(2)(3).

**{¶5}** OAC 1501:9-3-06(H), which was in effect at the relevant time, provided a four-step procedure in the saltwater-injection-well-application process.[1] The first step was for the Division to determine whether the application for an injection well contained

---

[1] The version of OAC 1501:9-3-06 in effect at the time contained OAC 1501:9-3-06(H), which was effective to January 12, 2022. The application for a permit and granting of the permit were performed in 2021. Accordingly, the applicable regulation in effect during this time was that effective until January 12, 2022.

the required information. OAC 1501:9-3-06(H)(1). The second step required the applicant to publish the notice of the permit application in accordance with R.C. 1509.06 "in a newspaper of general circulation in the county in which the proposed well is situated for a period of not less than five consecutive days." OAC 1501:9-3-06(H)(1). The third step provided time for people to comment or object in writing to the application. OAC 1501:9-3-06(H)(3). The fourth step was for the chief of the Division to receive the comments and objections and to issue or deny the permit. OAC 1501:9-3-06(H)(3). The ODNR issued Brown's permit for the injection well on October 12, 2021.

{¶6} On February 8, 2022, Appellants filed a three-count complaint against Appellees. Appellants stated that they were residents of Monroe County who lived within 1,000 feet of the proposed injection well owned by Brown. They alleged that Brown and Mertz did not comply with then-effective OAC 1501:9-3-06(H)(1) because Brown published the notice in *The Marietta Times*, a daily newspaper circulated in Monroe County but published in West Virginia. Appellants asserted that Brown should have published his permit application notice in the *Monroe County Beacon,* a weekly newspaper circulated and published in Monroe County, and Mertz and the ODNR should not have allowed the allegedly improper publication.

{¶7} Appellants requested a writ of mandamus, a preliminary injunction, and money damages in their complaint. They requested that the court order Brown to resubmit notice in the *Monroe County Beacon* and require Mertz to hold a public hearing on the proposed well. Appellants also requested that the court enjoin further action on the injection well until public notice was properly issued, a public hearing was held, and Brown met OAC 1501:9-3-06.

{¶8} Mertz filed a motion to dismiss the complaint, asserting that she lacked authority to issue permits and Appellants lacked standing to sue because they had notice of the permit and were able to comment and object to the well. Brown also filed a motion to dismiss based upon Appellants' lack of standing to challenge a permit that was already issued, their failure to meet the elements to compel mandamus, and an argument that mandamus was not the appropriate remedy.

{¶9}   On June 6, 2022, Appellees filed a motion for preliminary injunction in the trial court.  They requested that the court enjoin Brown from starting drill operations at the well site.  Appellants opposed the motion.

{¶10}  On June 29, 2022, the trial court issued a journal entry denying both motions to dismiss the complaint.

{¶11} The trial court thereafter held a hearing on the motion for preliminary injunction and on August 23, 2022, issued findings of fact, conclusions of law, and a judgment entry granting Appellants' motion and ordering Brown to cease operations at the well site.  Brown filed an appeal of the decision.

{¶12}  On August 22, 2023, we dismissed Brown's appeal as prematurely filed and remanded the case to the trial court.  *Bone v. K.A. Brown Oil & Gas*, 2023-Ohio-2944 (7th Dist.).   We found that unresolved procedural issues rendered the trial court's ruling on the preliminary injunction premature.  We remanded the case for the court to address whether Appellants had standing to file a complaint in mandamus or standing in general in this case to file the complaint.  We further ordered that if the trial court affirmatively answered those questions, it should address whether a preliminary injunction is appropriate and whether any ruling thereon is a final appealable order.

{¶13} Upon remand, the trial court held a status conference and ordered the parties to file briefs addressing mandamus and standing.  The parties complied.

{¶14}  On February 5, 2024, the trial court issued a judgment entry incorporating findings of fact and conclusions of law.  The court dismissed Appellants' complaint based upon non-compliance with the mandamus statute, lack of standing to file the complaint even without a mandamus action, and mootness.  The court further denied Appellants leave to file a motion to amend their complaint.

{¶15}  The trial court first held that Appellants had not met the requirements of the mandamus statute, R.C. 2731.04.  The court found it undisputed that Appellants' complaint was not in required petition form, did not contain the name of the state as relator, and was not verified by affidavit.  The trial court also cited our remand decision in which we cited cases holding that mandamus does not lie against a private party.

{¶16} The trial court further found that Appellees placed Appellants on notice of their complaint deficiencies and Appellants failed to move to amend their complaint to

meet the statute's requirements. The court cited *Blankenship v. Blackwell*, 2004-Ohio-5596, which provides that if a respondent raises statutory defects and the relators fail to seek leave to amend the complaint, the complaint must be dismissed.

{¶17} The trial court also found that Appellants failed to meet the elements of standing to bring a claim. The court held that Appellants had actual notice of Brown's permit application before it was issued, they had the opportunity to be heard, and they submitted comments that the ODNR addressed. The court found that Brown's publication of its permit application accomplished the purpose of providing notice because Appellants were able to object and submit comments that the ODNR considered and addressed. The court further found that Appellants' request for notice of republication would not likely redress their alleged injuries since they were provided actual notice and the ODNR addressed their objections and comments. The trial court additionally held that Appellants failed to establish that they sustained an injury different from that sustained by the public in general, which was also required to possess standing.

{¶18} The court further denied Appellants' post-remand request to file an amended complaint. The trial court held that Appellants failed to attach a proposed amended complaint to their request, and the request was untimely and filed to purposely delay Brown from operating under the permit. The court also found that Brown would be significantly prejudiced by Appellants' untimeliness in filing for leave to amend since Brown had already engaged in significant construction efforts well before Appellants filed their complaint and motion for preliminary injunction.

{¶19} Finally, the trial court found that even if Appellants properly filed a complaint or a complaint in mandamus, their claims were moot. The court explained that although Appellants had actual notice of the issuance of the Brown permit within six days, they waited over four months before challenging construction of the well and then waited another four months before filing the motion for preliminary injunction to stop construction. The court held that Appellants did not seek to stay the permit until after Brown began substantial construction and foundational work on the well.

{¶20} The trial court dismissed Appellants' complaint based upon its findings of fact and conclusions of law and "consistent with the specific remand instructions from the Seventh District Appellate Court."

**{¶21}** Appellants filed a notice of appeal and assert four assignments of error. Appellants' first assignment of error contends:

**TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS IN FINDING THAT PLAINTIFFS LACKED STANDING TO BRING THIS ACTION.**

**{¶22}** Appellants quote the legal definition of standing and assert that they possess standing as residents of Monroe County who are affected by the proposed injection well. They cite *State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, ¶ 19, and contend that they meet the three elements of standing. They contend that they suffered an injury because of the failures of Mertz and Brown to provide public notice to them of the permit application. They further contend that their injuries are fairly traceable to Brown and Mertz since Brown failed to provide them proper notice and Mertz failed to require Brown to provide proper notice. Appellants assert that they meet the third standing requirement because their injury is easily redressable by requiring Brown to provide proper legal notice in the *Monroe County Beacon*.

**{¶23}** Appellants cite then-effective OAC 1501:9-3-06(H)(1)'s requirement that the permit applicant publish legal notice "in a newspaper of general circulation in the county in which the proposed well is situated for a period of not less than five consecutive days." They stress that Brown failed to provide said notice because he published in *The Marietta Times* and not the *Monroe County Beacon,* where the well would be situated. They submit that the regulation does not allow for an actual notice exception and the requirement for publication for "five consecutive days" comes after the requirement that the notice be published in the county in which the well is located. Therefore, the fact that *The Marietta Times* was published daily did not negate the requirement that Brown publish the application permit in the weekly *Monroe County Beacon* since it was published in the area where the well site is located.

**{¶24}** Appellants maintain that although the Hendershots received actual notice and notified the ODNR that *The Marietta Times* was the wrong newspaper for publication, the ODNR refused to require republication in the *Monroe County Beacon*. Appellants argue that they are left with no legal recourse based on the trial court's holding that they

Case No. 24 MO 0002

waived the right to challenge the ODNR's allowance of improper notice under the statute because they received actual notice. They note that the ODNR required Brown to republish its first notice that it had published in *The Marietta Times* because it did not include its business address in the notice as required by OAC 1501:9-3-06(H)(1)(a). They posit that the ODNR then interpreted its regulation to permit Brown to publish his notice of permit application in the wrong newspaper even though the regulation required publication in a newspaper where the well site was to be located. Appellants assert that they have no manner in which to challenge this interpretation if waiver applies.

**{¶25}** We find no merit to Appellants' first assignment of error. "Whether a party has standing to bring an action is a question of law that we review de novo." *701 Lakeside, LLC v. Pinnacle Condominium Unit Owners Assn.*, 2024-Ohio-2899, ¶ 25 (8th Dist.), citing *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2021-Ohio-4486, ¶ 8. A party must have standing to sue before a court can consider the merits of a legal claim. *Bridge Health Care Partners, LLC v. LTAH Real Estate Holdings, LLC*, 2022-Ohio-1053, ¶ 44 (7th Dist.) (citations omitted). Standing to sue exists when one has a "personal stake" in the outcome of litigation. *Id.*, quoting *Abroms v. Synergy Bldg. Sys.,* 2011-Ohio-2180, ¶ 46 (2d Dist.).

**{¶26}** In order to establish standing, a party must show "(1) an injury that is (2) fairly traceable to the appellees' allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. Middletown*, 2012-Ohio-3897, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The Sixth District Court of Appeals in *Beadle v. O'Konski-Lewis*, 2016-Ohio-4749, ¶ 11, elaborated on the requirements of standing as the following:

> The constitutional minimum of standing contains three elements: (1) an "injury in fact," which is "an invasion of a legally protected interest which is (a) concrete and particularized, * * * and (b) 'actual or imminent, not "conjectural" or "hypothetical;" ' " (2) a causal connection between the injury and the challenged action, and (3) that it must be " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " (Internal citations omitted). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**{¶27}** In the instant case, Appellants have not established that they personally suffered an actual or imminent concrete injury. They complain of improper publication of notice, but they received actual notice. While not received in the manner provided by the regulation, Appellants nevertheless received notice of the permit application and they were able to comment on and object to the permit application. The purpose of notice was therefore accomplished because Appellants, as those affected by and interested in the injection well and permit application, received notice of Brown's permit application. Appellants were able to submit written comments and objections and those complaints were considered by the ODNR and addressed in writing. Accordingly, these Appellants did not suffer injury from Brown's publication in *The Marietta Times* since they received actual notice. "A plaintiff has standing only if he can 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *California v. Texas*, 593 U.S. 659, 668-669 (2021), quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotation marks omitted) and citing *Lujan*, 504 U.S. at 560–561.

**{¶28}** Further, without a personal injury, no causal connection exists with the notice published by Brown in *The Marietta Times.* Even if an alleged injury existed, no causal connection exists between the injury and the publication since Appellants received notice of the permit application, commented on and objected to it, and the ODNR considered and responded to it.

**{¶29}** And finally, Appellants request the remedy of republication of the permit application in the *Monroe County Beacon,* but this does not fulfill the redressability factor for standing since Appellants already received the notice and were able to comment and object and have their comments and objections considered and addressed.

**{¶30}** Accordingly, we find that Appellants lack standing to file their complaint and their first assignment of error lacks merit.

**{¶31}** In their second assignment of error, Appellants assert:

**TRIAL COURT ERRED IN FINDING THAT ACTUAL NOTICE WAS SUFFICIENT UNDER THE OHIO ADMINISTRATIVE CODE SECTION 1501:9-3-06(H)(1) AND NOT REQUIRING THE PUBLICATION IN A**

**NEWSPAPER OF GENERAL CIRCULATION IN THE COUNTY IN WHICH
THE WELL WAS LOCATED**.

{¶32} Appellants contend that Brown failed to provide the required legal notice of its permit application. They dissect the language of R.C. 1509.06, which requires publication of the permit application "in a newspaper of general circulation in the county in which the proposed well is situated for a period of not less than five consecutive days." OAC 1501:9-3-06(H)(1). They note that "newspaper of general circulation" is a defined term in Ohio Revised Code 7.12. Appellants maintain that a court must give words their clear and plain meanings and must give meaning to every word in a regulation or statute.

{¶33} Appellants further submit that Brown was required to provide notice in the "newspaper of general circulation in the county in which the proposed well is situated." They contend that this is the *Monroe County Beacon* as it is in general circulation in Monroe County and Monroe County is where the well is situated. They posit that we should not read into the regulation an actual notice exception when the regulation specifically requires publication of notice.

{¶34} Appellees respond that the trial court did not hold that actual notice was proper under OAC 1501:9-3-06(H)(1). Rather, they submit that the court never reached the merits of this assertion because it found that Appellants lacked standing to file the complaint, which was a procedural and jurisdictional issue which prevented a determination of the merits. Appellees contend that Appellants are conflating the requirements for legal standing with the merits of the notice issue itself.

{¶35} We decline to address this assignment of error. It appears that Appellants are arguing that the trial court decided the merits of whether notice by publication in *The Marietta Times* was sufficient to constitute notice under OAC 1501:9-3-06(H)(1). However, the court followed our remand order and determined whether Appellants had legal standing to file the complaint or a complaint in mandamus. The trial court determined that mandamus was improper and Appellants lacked standing to file their claims because actual notice negated their ability to demonstrate the standing element of injury. It does not appear that the court determined the merits of whether notice in *The Marietta Times* constituted proper notice.

{¶36} Accordingly, we decline to address Appellants' second assignment of error.

Case No. 24 MO 0002

**{¶37}** In their third assignment of error, Appellants assert:

**TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFFS [sic] MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.**

**{¶38}** Appellants cite Civ. R. 15 governing the filing of an amended complaint and note that the Rule provides that the court should freely grant such leave. Appellants note that a writ of mandamus is an extraordinary remedy and R.C. 2731.04 contains requirements for the filing of a writ, which includes the filing of a petition, a petition in the name of the state as relator for the person applying, and a verification by affidavit. They acknowledge that they failed to file their complaint in compliance with the statute.

**{¶39}** However, Appellants contend that this case required two separate defendants, one a private party and one an agency, because Brown was required to publish the notice and the ODNR accepted Brown's deficient application and approved its improper publication. Appellants note that without both parties as defendants, each could blame the other and this would leave Appellants without legal recourse.

**{¶40}** Appellants further assert that allowing them to amend the complaint to change the caption of the case and add the affidavit presents no disadvantage or injury to Brown or the ODNR. They note that it was not until our Decision that an issue was discovered concerning the complaint's noncompliance with the mandamus statute. Appellants further maintain that while caselaw holds that mandamus will not lie against a private party, their complaint asserts a mandamus action only against the ODNR and injunctive relief against only Brown.

**{¶41}** Appellants challenge the trial court's denial of their motion to amend on the basis that they were required to attach a copy of their proposed amended pleading to their motion. Appellants submit that this is not the law and the Ohio Rules of Civil Procedure do not require it. Appellants assert that justice requires the amendment and Appellees will not be prejudiced by allowing the amendment.

**{¶42}** Appellees assert that the trial court did not abuse its discretion by denying Appellants' motion for leave to file an amended complaint. They contend that the complaint is not properly captioned in mandamus as required under R.C. 2731.04. They cite caselaw from the Ohio Supreme Court and this Court dismissing complaints after a

respondent had alerted a relator of noncompliance with the statute and the relator fails to seek leave to amend under the statute. *See Blankenship*, 2004-Ohio-5596, ¶ 36; *Perry v. Sweeney*, 2020-Ohio-119, ¶ 7 (7th Dist.); *McQueen v. Evans*, 2008-Ohio-4807, ¶ 6 (7th Dist.). They explain that Appellants in this case did not seek leave to amend their complaint after they were alerted to their deficiencies by the ODNR in its March 9, 2022 motion to dismiss. They note that it was not until November 8, 2023, well after this Court's remand order, when Appellants filed a six-sentence motion for leave to amend without explaining the long delay in filing or attaching a proposed amended complaint.

**{¶43}** Appellees also refute Appellants' assertion that they could not file a complaint in mandamus because there was a private party and an agency involved in one case. They submit that the mandamus statute is clear in its requirements on who may be sued and the requirements for the petition.

**{¶44}** The standard of review for a trial court's denial of a motion for leave to amend a complaint is abuse of discretion. *Everhart v. Coshocton Cty. Memorial Hosp.*, 2024-Ohio-1671, ¶ 5 (10th Dist.) (citations omitted). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶45}** Civ. R. 15(A) governs amendment of pleadings and provides:

A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

**{¶46}** The Ohio Supreme Court has held that even though the trial court possesses the discretion to grant or deny leave to amend, the court abuses its discretion when it denies a plaintiff leave to file an amended complaint "where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973).

**{¶47}** The trial court in this case cited our holding in *Netherlands Insurance Company v. BSHM Architects, Inc.,* 2018-Ohio-3736, ¶ 51 (7th Dist.), and found that since Appellants were beyond the time for filing an amendment as of right, they had to make "a prima facie showing of support for the new matters sought to be plead, the timeliness of the motion, and whether the proposed amendment would prejudice the opposing party."

**{¶48}** The trial court explained that the instant case had been pending for two years. The court noted that even though R.C. 2731.04 has required since 1953 that mandamus actions be brought in the name of the State and in a petition, Appellants did not move to amend their deficient complaint to comply. The court further noted that Appellants did not move to amend their deficient complaint at the court's telephone conference with the parties on September 28, 2023, which was nearly one month after we issued our August 22, 2023 remand Order noting the complaint's mandamus deficiencies. The trial court related that Appellants did not request leave to file an amended complaint at the conference, but rather stated that they would drop their damages claim and wanted the court to rule on the merits of dispositive motions. The trial court explained that it was not until six weeks after the telephone conference when Appellants filed their motion for leave to file an amended complaint and did not include a proposed amended complaint or an explanation for the delay in filing. The court indicated that Appellants also requested at that time another 30 days in which to serve their amended complaint.

**{¶49}** These reasons sufficiently support upholding the trial court's denial of the motion to amend based on untimeliness.

**{¶50}** The court further found that Appellants' reasons for filing the amended complaint were vague and insufficient in that they sought to amend to correct their mandamus deficiencies, and to "elucidate the correlation of the action to both

Case No. 24 MO 0002

Defendants." The court noted our holding that mandamus does not lie against a private party and found that Appellants failed to explain how they could maintain Brown in a mandamus action upon filing to amend the complaint.

{¶51} Appellants also assert that the court erred by denying their motion for leave to file the amended complaint due to their failure to attach the proposed amended complaint. They submit that the law does not require the attachment. We need not address this assertion as we find that the trial court's untimeliness and vagueness reasons suffice to overcome the abuse of discretion standard.

{¶52} Accordingly, Appellants' third assignment of error lacks merit and is overruled.

{¶53} In their fourth assignment of error, Appellants assert:

**TRIAL COURT ERRED IN FINDING THAT DEFENDANT K.A. BROWN HAD BEEN SIGNIFICANTLY PREJUDICED BY PLAINTIFFS [sic] ACTION.**

{¶54} Appellants contend that the trial court erred by finding that Brown was significantly prejudiced by their untimeliness when it held that:

This Court further finds that Plaintiffs' untimeliness has caused Defendant K.A. Brown to be significantly prejudiced. The evidence of record established the various investment and planning efforts in connection with the injection well permit. The record also established the significant construction efforts on site for many months before Plaintiffs filed their action or sought a stay of well activities.

{¶55} Appellants assert that no evidence exists in the record to support the court's findings as the court took no testimony nor heard any evidence of prejudice to Brown or significant construction efforts.

{¶56} The trial court did not abuse its discretion in finding that Appellee Brown was significantly prejudiced by Appellants' actions. As pointed out by Appellee Brown, Mr. Brown's affidavit was part of the record and Appellee Brown reattached that affidavit to its brief on standing and mandamus. Accordingly, it was part of the record. The length

of time that this case remained pending and Appellants' untimely filing for leave to amend the complaint suffices to find that the trial court did not abuse its discretion in finding that Appellants' untimeliness caused significant prejudice to Appellee Brown.

**MOOTNESS**

{¶57}  Mertz and Brown also contend that Appellants' claims are moot.  The trial court made this determination as an alternative finding.  They note that Appellants do not challenge the trial court's determination that their claims are moot and they compare mootness in this case to the mootness doctrine applied in Ohio for construction cases. They cite *State ex rel. Gaylor, Inc. v. Goodenow,* 2010-Ohio-1844, ¶ 10 (quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)), where the Ohio Supreme Court held that if a party challenging a construction project "fails to obtain a stay of the construction pending judicial resolution of its claims, and construction commences, the action will be dismissed as moot."  Mertz and Brown maintain that this doctrine also applies in mandamus cases.  *See State ex rel. Wood v. City of Rocky River*, 2021-Ohio-3313, ¶ 13-15.

{¶58}  Applying this doctrine in the instant case, Mertz and Brown assert that the Appellants waited over four months after the permit was issued to challenge construction of the injection well and then waited another four months before filing the motion for preliminary injunction to stop construction.  They submit that these circumstances support the trial court's proper dismissal of Appellants' complaint and motion for preliminary injunction.  The court reasoned that during this passage of time, Brown operated as if it had a legal permit and began substantial construction for the well.  They note that Brown operated for almost 11 months under the permit before the preliminary injunction was granted.

{¶59}  In reply, Appellants assert that their claims are not moot.  They contend that the *Wood* case is inapposite because unlike the plaintiff there, they never received notice from the ODNR or Brown that the permit had been issued, and the trial court had no evidence before it to conclude that construction was "substantially underway."

{¶60}  The trial court first addressed the propriety of a mandamus claim and standing, but also held that even if Appellants overcame those barriers, their claims were

moot. The court cited the Ohio Supreme Court's holding in *Goodenow* that "'a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Goodenow*, 2010-Ohio-1844, at ¶ 10, quoting *Davis*, 440 U.S. at 631. The court further quoted the Ohio Supreme Court's holding in *Goodenow* that if a party in a construction case "fails to obtain a stay of the construction pending judicial resolution of its claims challenging the decision, and construction commences, [that party's] action will be dismissed as moot." *Id.* at ¶ 11.

**{¶61}** The trial court found that the mootness doctrine applied to mandamus cases and upon comparing the instant case to *Goodenow,* it found that six days after the permit was issued to Brown, Appellants had actual notice of the permit and still waited four months to challenge construction of the well and then waited another four months before filing for a preliminary injunction to stop construction. The court held that Brown operated as if it had a lawful permit and performed "substantial construction efforts" for the well under that permit. The court concluded that Appellants' challenge to the permit was moot because they waited over 8 months after construction and foundation work had begun before they sought to stay the permit.

**{¶62}** Since we affirm the trial court's decision for other reasons, we decline to address mootness.

**{¶63}** For these reasons, Appellants' first, third, and fourth assignments of error are without merit and are overruled. We decline to address their second assignment of error.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 24 MO 0002

[Cite as *Bone v. K.A. Brown Oil & Gas, L.L.C.*, 2024-Ohio-5044.]

---

For the reasons stated in the Opinion rendered herein, Appellants' first, third, and fourth assignments of error are overruled. We decline to address Appellant's second assignment of error. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**