[Cite as *State ex rel. Surafi v. Oldfield*, 2025-Ohio-2761.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. QOLAYAH
BAMIAH SIRAFI

    Relator                         C.A. No.      31283

    v.

JUDGE JOY MALEK OLDFIELD

                                           ORIGINAL ACTION IN PROHIBITION

    Respondent

Dated: August 6, 2025

---

PER CURIAM.

{¶1} Relator, Qolayah Bamiah Sirafi, has filed a complaint seeking a writ of prohibition to prevent Respondent, Judge Oldfield, from exercising jurisdiction in her criminal case. Judge Oldfield has moved to dismiss; Ms. Sirafi did not respond in opposition. Because this matter is now moot, we grant the motion to dismiss.

{¶2} For this Court to issue a writ of prohibition, relator must establish that: (1) the judge is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶3} The complaint alleges that Judge Oldfield lacks jurisdiction to act in Ms. Sirafi's criminal case that is pending in the Summit County Court of Common Pleas. According to the motion to dismiss, however, Ms. Sirafi entered a no contest plea in that case and that case, for which the writ of prohibition was sought to prevent further proceedings, has now been terminated. Therefore, the motion to dismiss argues that this case must be dismissed as moot. Ms. Sirafi did not respond in opposition to the motion to dismiss.

{¶4} When an actual controversy no longer exists before this Court, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. A case is moot when, without any fault of the respondent, an event occurs which renders it impossible for this Court to grant any relief to the relator. *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13. Entering a plea that terminates the case in the common pleas court would render it impossible for this Court to grant Ms. Sirafi any relief in this prohibition action.

{¶5} When this Court declines to exercise jurisdiction over a moot question, we do not reach the issue of whether the complaint failed to state a claim upon which relief can be granted. *Tavenner v. Pittsfield Twp. Bd. of Trustees*, 2022-Ohio-4444, ¶ 7 (9th Dist.). Although a court cannot rely on evidence outside the complaint in determining a Civ.R. 12(B)(6) motion, a court can rely on extrinsic evidence to determine that a matter is moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5-6. *See also State ex rel. Richard v. Wells*, 64 Ohio St.3d 76 (1992) (concluding that mootness can be determined based on evidence submitted by the parties).

{¶6} Upon review of the complaint, the motion to dismiss, and the trial court docket in the underlying case, we conclude that Ms. Sirafi's resolution of the underlying case by a no contest plea has rendered this prohibition action moot.

**{¶7}** Because this matter is moot, the case is dismissed. Costs of this action are taxed to Ms. Sirafi. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
BETTY SUTTON
FOR THE COURT

CARR, J.
LANZINGER, J.
CONCUR.

APPEARANCES:

QOLAYAH BAMIAH SIRAFI, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.