**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2025-Ohio-4542.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4542

THE STATE EX REL. MARTRE, APPELLANT, *v.* REED, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martre v. Reed*, Slip Opinion No. 2025-Ohio-4542.]**

*Prohibition—Appellant failed to demonstrate that trial-court judge lacked subject-matter jurisdiction to rule on appellant's motion for return of his cellphone after it was seized under a search warrant because even assuming that judge was required to treat the motion as a motion to suppress under R.C. 2981.03, a writ of prohibition is not the proper remedy—Court of appeals' judgment granting trial judge's motion to dismiss for failure to state a claim for prohibition relief affirmed.*

(No. 2025-0089—Submitted June 3, 2025—Decided October 2, 2025.)

APPEAL from the Court of Appeals for Allen County, No. 1-24-63.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Derrick L. Martre, appeals the judgment of the Third District Court of Appeals dismissing the complaint for a writ of prohibition that he filed against appellee, Judge Jeffrey L. Reed of the Allen County Court of Common Pleas. Martre pleaded no contest in 2018 to various felony charges that were related to sexual contact with a minor and that were based on incriminating videos found on his cellphone. In 2021, he filed a postsentence motion for return of property, seeking the return of the cellphone, which Judge Reed granted.

{¶ 2} In 2024, Martre requested a writ of prohibition ordering Judge Reed to vacate the entry granting the 2021 property motion and to treat it as a motion to suppress evidence. The judge moved to dismiss, contending that Martre had failed to state a claim for prohibition relief, and Martre moved for judgment on the pleadings. The Third District granted the motion to dismiss and denied the motion for judgment on the pleadings. Martre has appealed.

{¶ 3} Because the Third District correctly determined that Martre had failed to state a claim for a writ of prohibition, we affirm.

## I. BACKGROUND

{¶ 4} Martre was indicted by an Allen County grand jury in 2017 on two charges of gross sexual imposition, two charges of illegal use of a minor in nudity-oriented material or performance, and two charges of pandering sexually oriented matter involving a minor—all felonies. The charges stemmed from a domestic dispute in which the alleged victim reported the existence of "images depicting a minor in a state of nudity" on Martre's cellphone, which the police seized pursuant to a search warrant. Martre pleaded no contest to the charges, was sentenced to an aggregate prison term of 12 years, and was classified as a Tier II sex offender. The convictions and sentence were affirmed on appeal. *State v. Martre*, 2019-Ohio-2072, ¶ 35 (3d Dist.).

2

**{¶ 5}** In 2021, Martre filed a postsentence motion for return of property, seeking the return of his cellphone and its memory card. Martre argued in the motion that the property was seized under a void search warrant. He also asserted that a trial court has authority to order the return of property that is no longer needed in a closed criminal case and that is not subject to forfeiture. Judge Reed granted the motion "to the extent that any items seized from [the] defendant, that are being held by any law enforcement agency in Allen County, Ohio, that are not contraband or illegal for [the] defendant to have, and that are not being held for evidence, shall be returned to the defendant." *State v. Martre*, Allen C.P. No. CR 2017 0387 (Apr. 7, 2021). The judgment entry does not identify a basis for the court's decision or mention the search warrant.

**{¶ 6}** Martre appealed the property-motion judgment to the Third District. He contended that Judge Reed—by ordering the return of his property—in fact had granted a postsentence suppression motion under R.C. 2981.03, the criminal-forfeiture statute, and that the judge therefore should also have vacated Martre's convictions. The Third District rejected this argument and affirmed. *State v. Martre*, No. 1-21-15 (3d Dist. Sept. 27, 2021). This court declined to accept Martre's appeal. 2022-Ohio-85.

**{¶ 7}** In October 2024, Martre filed a complaint for a "corrective writ of prohibition" in the Third District. As in his 2021 appeal, he asserted that a special statutory proceeding is required for forfeitures under R.C. 2981.03 and that this statute requires that a motion for return of property filed after the indictment be treated as a motion to suppress evidence.[1] Contending that Judge Reed failed to

---

1. R.C. 2981.03 allows a person aggrieved by an alleged unlawful seizure of property to challenge the seizure by motion, stating: "If the motion is filed by a defendant after an indictment . . . *seeking forfeiture of the property* has been filed, the court shall treat the motion as a motion to suppress evidence." (Emphasis added.) R.C. 2981.03(A)(4). In his briefing, Martre omitted the italicized phrase when quoting the statute. Because the indictment in Martre's criminal case did not seek forfeiture of any property under R.C. Ch. 2981, his premise that R.C. 2981.03 applies to his motion for return of property is incorrect.

comply with the forfeiture statute by not treating the property motion as a motion to suppress, Martre argued that the judgment granting the property motion was void for lack of jurisdiction.

{¶ 8} Judge Reed moved to dismiss Martre's complaint under Civ.R 12(B)(6). In response, Martre filed a memorandum in opposition as well as a "motion for judgment on the pleadings" that repeats nearly verbatim the allegations and argument set forth in his complaint. The Third District granted the motion to dismiss and denied the motion for judgment on the pleadings, holding that Martre had failed to demonstrate that Judge Reed patently and unambiguously lacked jurisdiction to rule on the property motion and that he had had adequate remedies in the ordinary course of the law to challenge that ruling.

{¶ 9} Martre has timely appealed to this court.

## II. ANALYSIS

### A. Standard of Review

{¶ 10} Martre challenges the Third District's dismissal of his prohibition claim under Civ.R. 12(B)(6). This court reviews de novo a court of appeals' dismissal of a complaint for a writ of prohibition. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 16. Dismissal is appropriate if it appears beyond doubt, taking all factual allegations in the complaint as true, that the relator can prove no set of facts entitling him to extraordinary relief in prohibition. *Id*.

{¶ 11} To be entitled to a writ of prohibition, Martre must establish that (1) Judge Reed exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) no adequate remedy exists in the ordinary course of the law. *Id*. at ¶ 17. The third element is not required to be proved if Judge Reed patently and unambiguously lacked jurisdiction. *Id*. Prohibition will generally lie only for an absence of subject-matter jurisdiction. *Id*.

**B. No Entitlement to Writ of Prohibition**

{¶ 12} Martre argues that the Third District erred in dismissing his complaint because Judge Reed's failure to treat the property motion as a motion to suppress was unauthorized by law, rendering Judge Reed's ruling on the property motion void for lack of subject-matter jurisdiction. We reject this argument for two reasons.

{¶ 13} First, dismissal of Martre's complaint was appropriate because he had failed to demonstrate that Judge Reed lacked subject-matter jurisdiction to rule on the property motion. An alleged failure to comply with the procedural requirements of R.C. 2981.03 does not implicate the subject-matter jurisdiction of a trial court. This court "ordinarily 'will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction.'" *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 8, quoting *State ex rel. Sponaugle v. Hein*, 2018-Ohio-3155, ¶ 24.

{¶ 14} Here, the Allen County Common Pleas Court had subject-matter jurisdiction over Martre's felony case. *See Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 ("a common pleas court has subject-matter jurisdiction over felony cases"), citing R.C. 2931.03. Nevertheless, Martre asserts that Judge Reed's ruling on the property motion is "void for lack of subject-matter jurisdiction" because the judge failed to comply with the mandatory procedures set forth in R.C. 2981.03(A)(4). But what Martre attempts to cast as a jurisdictional defect is merely a challenge to Judge Reed's exercise of that jurisdiction. *See, e.g.*, *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 34 (a trial court's failure to comply with R.C. 2945.06 did not divest it of subject-matter jurisdiction and was, at most, error in exercise of that jurisdiction). Therefore, even assuming for the sake of argument that Judge Reed was required to comply with R.C. 2981.03 and treat Martre's property motion as a motion to suppress, a writ of prohibition is not the proper remedy. *See Jones* at ¶ 8 (a writ of

prohibition was unavailable because writ petition alleging that trial-court judge failed to comply with Civ.R. 53 asserted claim of error in exercise of jurisdiction and did not challenge the judge's subject-matter jurisdiction to hear case). Martre has not shown that Judge Reed patently and unambiguously lacked jurisdiction to rule on the motion for return of property.

{¶ 15} Second, dismissal of Martre's complaint was appropriate because he had had adequate remedies in the ordinary course of the law. Since his allegations do not show that Judge Reed lacked jurisdiction to rule on his property motion, Martre must show that he lacked an adequate remedy at law. But an error in the exercise of jurisdiction—which is what Martre alleges—is correctable by appeal or postconviction motion. *See State ex rel. Martre v. Reed*, 2024-Ohio-1624, ¶ 19, citing *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 12; *see also Pratts* at ¶ 35 (habeas petitioner had adequate remedy at law by direct appeal to challenge trial court's alleged failure to comply with procedural requirements of R.C. 2945.06). As this court stated in an earlier decision affirming the Third District's dismissal of another writ petition filed by Martre, "Martre had an adequate remedy in the ordinary course of the law because he could—and did—appeal Judge Reed's decision granting the property motion to the Third District." *Reed* at ¶ 20. For this reason, Martre has not shown that he lacked an adequate remedy in the ordinary course of the law.

### III. CONCLUSION

{¶ 16} The Third District Court of Appeals correctly determined that Martre had failed to state a claim for prohibition relief. We affirm that court's judgment dismissing his complaint and denying his motion for judgment on the pleadings.

Judgment affirmed.

_____

Derrick L. Martre, pro se.

Destiny Caldwell, Allen County Prosecuting Attorney, and John R.

Willamowski, Jr., Assistant Prosecuting Attorney, for appellee.

_____