[Cite as *State ex rel. Shekina v. Oldfield*, 2026-Ohio-432.]

STATE OF OHIO       )
               )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. BAHTYAH
AHYAHLAH SHEKINA

    Relator

    v.

JUDGE JOY MALEK OLDFIELD

    Respondent

C.A. No.     31386

ORIGINAL ACTION IN PROHIBITION

Dated: February 11, 2026

PER CURIAM.

**{¶1}** Relator, Bahtyah Ahyahlah Shekina, has petitioned this Court for a writ of prohibition to prevent Respondent, Judge Oldfield, from exercising jurisdiction in Summit County Criminal Case No. CR 2021-05-1878(A) ("the criminal action"). She also seeks to nullify all orders issued in that matter and to compel Judge Oldfield to dismiss the matter with prejudice. Judge Oldfield has moved to dismiss the petition, and Ms. Shekina has responded in opposition. For the following reasons, we grant Judge Oldfield's motion to dismiss.

**{¶2}** When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief

requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. "'Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.'" *State ex rel. Peoples v. Schneider*, 2020-Ohio-1071, ¶ 9, quoting *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997).

**Factual Allegations in the Complaint and the Materials Incorporated Therein**

{¶3} The complaint alleges that Ms. Shekina became tangentially involved in a custody dispute between her sister and her sister's husband. According to the complaint, the sister, her husband, and their child lived in Chicago. The sister secured a protection order against the husband in that city. Although the protection order named the child as a protected party, the complaint alleges that the husband removed the child from the state and brought her to Akron. The husband then filed an action in the Summit County Domestic Relations Court and obtained temporary custody of the child. Following the issuance of that custody order, Ms. Shekina and her sister were indicted as co-defendants in the criminal action for interfering with custody.

{¶4} The complaint states that Judge Oldfield was ultimately assigned to preside over the criminal action. It alleges that she lacked jurisdiction to act because the custody order the Domestic Relations Court issued was void, and thus, the criminal action flowing from it was likewise void. It further alleges that Judge Oldfield lacked personal jurisdiction over Ms. Shekina because she is a California resident. Finally, the complaint alleges that, over the course of the criminal action, Judge Oldfield issued several false, unfair, and biased orders.

{¶5} According to the complaint and the exhibits attached thereto, Ms. Shekina's sister ultimately resolved her charge by way of a no contest plea. The State then moved to dismiss the indictment as to Ms. Shekina. In granting that motion, Judge Oldfield dismissed without prejudice the indictment against Ms. Shekina.

**Prohibition**

**{¶6}** For a writ of prohibition to issue, a relator "must establish that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law." *State ex rel. Yeager v. Lake County Court of Common Pleas*, 2024-Ohio-1921, ¶ 8. "If the respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9. *Accord State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997). "[I]n such cases, mandamus or prohibition will lie to prevent the unauthorized exercise of jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction." *State ex rel. Reynolds* at ¶ 9. Prohibition will generally lie only for an absence of subject-matter jurisdiction. *State ex rel. Martre v. Reed*, 2025-Ohio-4542, ¶ 11.

**{¶7}** The complaint alleges that Judge Oldfield, sitting as a judge of the general division of the Summit County Court of Common Pleas, lacked subject-matter jurisdiction because the domestic relations court order that formed the basis of the criminal case pending before Judge Oldfield was void and lacked personal jurisdiction because Ms. Shekina was a California resident. We first consider the claimed lack of subject-matter jurisdiction.

**{¶8}** The complaint alleges that Judge Oldfield lacked subject-matter jurisdiction because the order on which the indictment was based was void. That allegation does not establish that Judge Oldfield or the common pleas court lacked subject-matter jurisdiction. A common pleas court has subject-matter jurisdiction over felony cases like Ms. Shekina's case. *State ex rel. Martre v. Reed*, 2025-Ohio-4542, ¶ 14. As in *Martre*, "what [Ms. Shekina] attempts to cast as a jurisdictional defect is merely a challenge to Judge [Oldfield's] exercise of that jurisdiction." *Id.*

As the Supreme Court recently reaffirmed, alleged defects in an indictment do not deprive a trial court of jurisdiction. *State ex rel. Allah-U-Akbar v. Schroeder*, 2025-Ohio-5003, ¶ 21. Therefore, the complaint fails to allege facts regarding subject-matter jurisdiction that would support granting a writ of prohibition.

{¶9} Finally, Ms. Shekina seeks the writ of prohibition because Judge Oldfield allegedly lacked personal jurisdiction. This Court has recognized, however, that a "lack of personal jurisdiction falls outside the scope of a writ of prohibition . . . " because, as noted above, a writ of prohibition only tests and determines the subject-matter jurisdiction of the court. *Sanders v. Summit Cnty. Court of Common Pleas*, 2023-Ohio-3613, ¶ 9 (9th Dist.), citing *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988). Accordingly, the alleged lack of personal jurisdiction cannot be the basis for a writ of prohibition.

### Conclusion

{¶10} Presuming all of the facts in the complaint as true, it appears beyond doubt that Ms. Shekina can prove no set of facts that would entitle her to a writ of prohibition. Judge Oldfield's motion to dismiss is granted, and this case is dismissed.

{¶11} Costs of this action are taxed to Ms. Shekina. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCUR.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY</u>.

{¶12} While I agree this case ought to be dismissed, I would dismiss on other grounds. When an actual controversy no longer exists before this Court, we must dismiss a case as moot. *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9. A case is moot when, without any fault of the respondent, an event occurs which renders it impossible for this Court to grant any relief to the relator. *State ex rel. Wood v. Rocky River*, 2021-Ohio-3313, ¶ 13. "When this Court declines to exercise jurisdiction over a moot question, we do not reach the issue of whether the complaint failed to state a claim upon which relief can be granted." *State ex rel. Sirafi v. Oldfield*, 2025-Ohio-2761, ¶ 5.

{¶13} Ms. Shekina seeks a writ of prohibition, in part, to prevent Judge Oldfield from exercising jurisdiction in the criminal action and to nullify the orders she issued therein. There is no dispute, however, that Judge Oldfield dismissed the indictment against Ms. Shekina at the request of the State. When an indictment is dismissed, the defendant is "'placed in the same position [she] was in prior to the State's filing of criminal charges.'" *City of Hudson/State v. Harger*, 2012-Ohio-2604, ¶ 8 (9th Dist.), quoting *State v. Williams*, 2011-Ohio-6412, ¶ 11 (9th Dist.). Because Ms. Shekina's indictment has been dismissed and there is no pending criminal action against her, any order preventing Judge Oldfield from exercising jurisdiction in that case or nullifying the orders issued therein would be superfluous. The dismissal of the indictment has rendered those aspects of the complaint moot. *See State ex rel. Sirafi v. Oldfield*, 2025-Ohio-2761, ¶ 3-6 (9th Dist.).

{¶14} To the extent Ms. Shekina seeks to compel Judge Oldfield to issue a new order dismissing the criminal action with prejudice, I would conclude that Judge Oldfield's jurisdiction terminated once she issued a final judgment of dismissal. *See State ex rel. Douglas v. Burlew*,

2005-Ohio-4382, ¶ 14. Ms. Shekina has not suggested that the judgment was void or contained a clerical error such that Judge Oldfield would have jurisdiction to take further action on it. *See State ex rel. Conomy v. Rohrer*, 2025-Ohio-5296, ¶ 34. Once Judge Oldfield dismissed the criminal case, she no longer had jurisdiction to issue a new or amended judgment entry. *See id.* at ¶ 35 (trial judge did not retain jurisdiction to change judgment entry from a dismissal without prejudice to a dismissal with prejudice).

{¶15} Because I would dismiss Ms. Shekina's petition as moot, I concur in judgment only.

APPEARANCES:

BAHTYAH AHYAHLAH SHEKINA, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JOHN CHRISTOPHER REECE, Assistant Prosecuting Attorney, for Respondent.